Johnston, Ch.
I entirely dissent from the application of the Act of 1824, in this case.
Where the decree is for a demand of a legal character, and the remedy at law would be a ca. sait may be that an attachment should be regarded as a substitute for it, and this statute should perhaps be applied by analogy. But where the demand *282 arises out of a trust, the decree necessarily implies a breach of trust, and to apply the statute in such a case, comes neither within its letter nor spirit; and must operate fatally in this jurisdiction, whose principal function is the enforcement of trusts.
The exception of female trustees must prove peculiarly embarrassing in complicated cases, where many trustees may be before the court at the same time, whose liabilities and remedies, as against one another, must necessarily be greatly, — I fear inextricably — disturbed; and great injustice may be done by a partial enforcement of the demands of justice among them. I feel that this decree endangers estates in South Carolina to a most alarming extent.
While, as in Dawson’s case, I would apply the insolvent laws to discharge a trustee in confinement, who, in conforming to their provisions, might be regarded as having purged the contempt, and done all in his power towards performing the decree, I would not voluntarily relinquish an essential means of enforcing trusts and punishing frauds, without which this court does not deserve its name.